FILED
STATESVILLE, N.C.

SEP 2 9 2015

U.S. District Court
Western District of N.C.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ADMINISTRATIVE ORDER NO: 3:15mc178

IN RE:   Guidance to Criminal Justice Act Panel Attorneys on Voucher Preparation

This matter is before the Clerk in the interest of promoting the proper preparation of Criminal Justice Act (CJA) vouchers for compensation to promote the fair administration of justice and prompt payment for the services rendered. This Order represents pertinent sections from the *Guide to Judiciary Policies and Procedures,* Chapter 2; Appointment and Payment of Counsel; directives from the Fourth Circuit Court of Appeals; and the recognition of local practice and custom of this bench.

The following apply to all CJA vouchers and worksheets:

### "Mega Cases"

1. At the defendant's initial appearance the magistrate judge shall inquire of the government's attorney as to the amount of discovery expected in the case. CJA counsel are to use this information to determine if the case has the potential to be a "mega case". A mega case is any case in which attorney hours are expected to exceed 300 hours or total expenditures are expected to exceed $38,000. Example of possible mega cases include RICO cases; large multi-defendant cases; any case in which there are large discovery files; capital cases; terrorism/classified material cases; complex bank fraud cases; cases destined for trial longer than a week; and cases counsel believe will require significant interim payments.

2. Counsel are encouraged to contact Larry Dash, Case Budgeting Attorney for the Fourth Circuit in Richmond, Virginia at Larry_Dash@ca4.uscourts.gov.

3. CJA counsel are to prepare a case budget for any mega case at such time it becomes clear to counsel that the case may become a mega case. Counsel are encouraged to use the Excel worksheet available for this purpose from the Community Defender's Office website. Once approved by the presiding judge and Chief Circuit Judge, counsel may submit interim vouchers for payment as the case proceeds. The creation of a case budget also removes the case compensation caps as the approved budget amount becomes the case compensation cap. Budgets may be amended for good cause by submitting them to Larry Dash PRIOR to submitting them to the court.

4. The National Litigation Support Group may be available at no fee to CJA counsel for guidance and assistance in mega cases. Their contact number is 510-637-3500.

## Voucher Review Guidance

1. The review of a standard NEF is an administrative function and is NOT a billable event and vouchers will automatically be corrected to reflect this policy.

2. The review of a document ATTACHED to an NEF is a billable event, identify the document you reviewed on your worksheet.

3. Identify what was reviewed as part of discovery, i.e. pages, DVDs, CDs, jailhouse communications, etc. on your worksheet.

4. To justify research identify primary motions researched and filed and also *note if a motion was not filed*. The court knows that it is customary for counsel, after researching an argument, to decide not to file the motion.

5. The use of service providers i.e. paralegals, law students, interns, are encouraged as a way to keep counsel's billable hours down. Counsel shall file a motion identifying the service provider and the number of hours expected to be utilized. These service providers may be used for the initial review of discovery material for counsel. Upon court approval, the Clerk shall issue the CJA21 for the service provider.

## Associate Counsel

The *Guide to Judiciary Policies and Procedures* provides for services of associate counsel and the Fourth Circuit has provided additional guidance on the application of the regulations.

1. Appointed counsel may claim compensation for services furnished by a partner or associate *in the same firm* without court approval.
    a. If the associate was NOT paid at a lower rate, than all work goes on the appointed attorney voucher, but associate counsel's services must be clearly identified on the voucher (their initials on the worksheet by the services they performed is customary). While it is not required for the appointed attorney to get court approval for associate counsel in their own firm, the Circuit encourages them to do so to give the judge an opportunity to establish a reduced rate for the associate counsel.
    b. When the court establishes a lower rate for an associate attorney then *TWO CJA vouchers would be prepared in the name of the appointed attorney. The associate attorney would prepare the voucher showing the reduced hourly rate. Totals of the appointed attorney's work and the associate attorney's work would be shown as a cumulative total on the front of the*

*appointed attorney's CJA20.*

    c. When an associate is actually appointed as a second chair, then a voucher would be issued and prepared for the associate counsel at the regular rate. In this case both attorneys are eligible to receive the maximum compensation allowable and separate vouchers must be prepared.

2. In cases where the court *APPOINTS* an additional attorney, each attorney is eligible to receive the maximum compensation allowable and separate vouchers must be prepared.

SO ORDERED THIS 29th DAY OF September, 2015.

*Frank D. Whitney*

Title of Signing Officer
United States District Court